### EX PARTE QUONG LEE.

*No. 680.   Decided May 27.*

1.   **Justice Courts—Entry of Judgments in.**—Justice Courts are not courts of
record.   Their judgments are announced ore tenus, and the entry thereof is a minis-
terial act.

2.   **Same—Construction of Statute—Practice.**—While article 941, Code of
Criminal Procedure, requires, that judgments and final orders of justices of the peace
shall be rendered in open court and entered upon the docket, yet it does not prescribe

that the act of entry shall be done immediately, though the better practice would be quire that it be done contemporaneously.

3. Same—Absence of Defendant.—The fact that the entry of the judgment of a justice is made in the absence of defendant does not affect its validity. The statute, Code of Criminal Procedure, article 804, does not require his presence even at its rendition.

APPEAL from the District Court of Bexar. Tried below before Hon. ROBERT B. GREEN.

The opinion states the case.

*Ed. Haltom*, for relator.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried before a justice of the peace of Bexar County for the offense of keeping a disorderly house, and was convicted, and his punishment assessed at a fine of $200 and costs. The appellant sued out a writ of habeas corpus, which was tried before the district judge. As a result of said trial, he was remanded to the custody of the sheriff until the fine and costs in said case were paid, and from this judgment he prosecutes this appeal.

It appears from the record that the appellant was tried before a justice of the peace on the 20th of March, 1895. At the termination of the trial the justice announced as his finding that he assessed a fine against defendant of $200, and committed him to jail until said fine and costs were paid. No judgment was at that time entered on the docket of said justice, but on the morning of March 29, 1895, the petition for habeas corpus was sued out, and on the same evening the justice entered a judgment in accordance with his previous decision, finding defendant guilty, and assessing a fine against him of $200 and costs. The contention of the appellant is, that the justice of the peace had no authority to enter said judgment when he did; that the trial had occurred nine days previous, and the defendant was not then present in the court. The Justice Courts are not courts of record. Their judgments are pronounced ore tenus, and the entry thereof is a mere ministerial act. In a Maine case, the entry was made three years after the justice had vacated his office, and after the rendition of his judgment, and such entry was held good. Matthews v. Houghton, 11 Me., 377. In a New York case, the sale of real estate was made under a judgment before its entry in the justice's docket, and the same was held valid. Felter v. Mulliner, 2 Johns., 181; Freem. on Judg., sec. 33a. While our statute (article 941, Code of Criminal Procedure) requires, that all judgments and final orders of the justice of the peace in a criminal action shall be rendered in open court and entered upon the justice's docket, yet we do not understand by this language that the act of entry shall be done immediately. The better practice would

require that this be done contemporaneously with the pronouncement of the judgment, but the fact that this was not done in this particular case would not operate to invalidate the judgment, especially as no injury is shown to have resulted to the defendant; nor would the fact that this entry was made in the absence of the defendant militate against the validity of the judgment. The statute does not require that he should have been present even at its rendition. Code Crim. Proc., art. 804.

There being no error in the judgment of the lower court, it is affirmed.

*Affirmed.*

Judges all present and concurring.