EX PARTE D. HAYDEN, *alias* JOHN HAYDEN, AND HORACE SEPHERS.

No. 24222. November 3, 1948.
Rehearing Denied December 15, 1948.

Hon. John Shell, Jr., Judge Presiding.

*John A. Croom,* of Houston, for relator, Horace Sephers.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relators were charged and by the trial judge convicted in the County Court at Law No. 2 of Harris County, Texas, of an aggravated assault, a misdemeanor. Upon their conviction therefor, the trial court ordered each of them to serve a term of 30 days in the county jail. However, purporting to act under House Bill No. 120, Chapter 452, Acts of the 50th Legislature, Regular Session, page 1049, the County Judge probated such sentence and directed the Sheriff of Harris County to discharge the relators from any confinement in jail.

The Sheriff of Harris County refused to discharge these relators, evidently acting under an opinion and advice of the Attorney General of Texas, whereupon the relators sued out a writ of habeas corpus alleging their illegal confinement and restraint under such judgment, which discharge was refused by the court trying the habeas corpus cause. The matter was then appealed to this appellate court and affirmed upon the ground that the costs in the original cause had not been paid as required in such bill and such failure precluded an appeal from a probation of the judgment of the lower court. See same relators and our No. 24,033, Ex Parte Sethers, 151 Texas Crim. Rep. 553.

The question now before us is whether or not the County Courts of this state have the power to probate the punishment of one convicted of a misdemeanor therein.

We find from the caption of this House Bill No. 120, that same was "An Act empowering the courts of record of the State of Texas having original jurisdiction of criminal actions to suspend the imposition or executions of sentence and to place defendants on probation under certain conditions", etc.

The courts of record having original criminal jurisdiction are the different County Courts, certain County Courts at Law, and District Courts of the State. We thus find the caption giving notice that only such courts of record will be affected by this contemplated legislation. However, Section 1 of said Act begins with the following statement:

"The courts of the State of Texas having original jurisdiction of criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, shall have the power, after conviction or a plea of guilty for any crime or offense except murder, rape, and offenses against morals, decency, and chastity where the maximum punishment assessed the defendant does not exceed ten (10) years imprisonment, and where the defendant has not been previously convicted of a felony, to suspend the imposition or the execution of sentence and may place the defendant on probation for the maximum period of the sentence imposed or if no sentence has been imposed for the maximum period for which the defendant might have been sentenced, or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided."

It is evident from the two above quotations that the caption and the bill itself, in Section 1 thereof, are not in accord. The caption merely gives notice that such bill would apply only to County and District Courts, they being courts of record of original criminal jurisdiction. However, Justice of the Peace Courts are not courts of record. See Ex parte Quong Lee, 34 Tex. Cr. R. 511, 31 S. W. 391; Hutcherson v. Blewitt, 58 S. W. 150; Warren et al v. Baron Bros. Millinery Co., et al, Inc., 23 S. W. (2d) 686. On the other hand, the bill itself attempts to cover all courts of original criminal jurisdiction in this state. This would embrace Corporation Courts and Justice of the Peace Courts, they also being courts of original criminal jurisdiction.

The question then arises as to which of these two contradictory statements should control.

Article III, Section 35 of the State Constitution reads as follows:

"No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Either the caption should control this Act relative to the courts intended to be affected thereby, or the contradictory statement found in Section 1 should be controlling. Under the latter portion of the above-quoted constitutional provision and the prevailing rules relative to such construction, we express the opinion that the Act itself intended to and did only apply to County and District Courts, and the suspension of sentences therein, thus excluding Corporation Courts and Justice of the Peace Courts. Clearly the Constitution makes the caption controlling and it specifically limits this enactment to courts of record with original criminal jurisdiction. Nevertheless, we hold that the caption of this bill causes us to construe Section 1 of the Act to refer only to courts of record in this state. See 39 Tex. Jur. p. 84, sec. 39, and cases there cited; also page 96, sec. 45 and page 100, sec. 47, idem.

The purpose of the title or caption of a legislative act is to give notice to interested parties or to all that certain legislation is pending relative to matters set forth therein and to afford those interested an opportunity to take any steps deemed proper relative to the passage by the Legislature of such an act. Undoubtedly, the inclusion of the two different courts of this state not included in the definition of "courts of record" would put all persons upon notice that the bill itself outreached its caption and took in not only courts of record but all courts having original criminal jurisdiction, as well as including the other two courts not designated as such. We think to such extent the caption of the Act in question is misleading, and the portion of the Act embodying all courts is void. See 39 Tex. Jur. pages 101, 103 and 104.

In 1935 the people of the State of Texas passed what is

known as Section 11A of Article IV of the State Constitution which reads as follows:

"The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe."

The provisions of the Constitution are to be strictly construed and should be allowed no liberality of meaning where such provisions are to be passed upon and are plain and unambiguous. Notice is therefore taken of the word "sentence" in the above amendment.

"Judgment" and "sentence" are not the same thing; the two are distinct and independent. In misdemeanor cases, a verdict of guilty is itself the judgment of conviction. No formal sentence is required. A formal sentence is not necessary in a prosecution for a misdemeanor. In felony cases, it is the duty of the judge to pronounce sentence on the judgment of conviction, and the sentence is in fact the final judgment of the case. See 12 Tex. Jur. p. 717, sec. 355, and p. 685, sec. 335, idem; also Articles 782, 783, and 784, C. C. P. In Chapter 3 under Title 9, C. C. P., relating to judgment and sentence in cases of felony, Art. 767, reads as follows:

"A 'sentence' is the order of the court. made in the presence of the defendant, and .entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."

It appears, therefore, that there exists a difference between a judgment and a sentence; and the Legislature, having before it the prevous enactments relative thereto, as well as Section 11A of Article IV of the State Constitution, evidently had such in mind when it passed House Bill No. 120, and only referred to "sentences" and refrained from the use of the word "judgment". Under such a condition, we express the opinion that the Act in question (House Bill No. 120) does not apply to judgments in the County Courts, or County Courts at Law with criminal jurisdiction in this state. Therefore, relators would not be entitled to their discharge from the judgment of the County Court at Law No. 2 of Harris County, as prayed for in their writ.

The judgment of the trial court remanding them to the custody of the Sheriff of Harris County will be affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The appellants have filed an exhaustive argument with their motion for rehearing in this cause. This argument is based chiefly on the contention that the word "sentence" should be construed to mean "judgment of the court." Our attention is called to the fact that reference is frequently made to judgments of courts by the use of the word "sentence." This question was duly considered before the original opinion was passed and the conclusion was reached as therein expressed. The discussion could hardly be enlarged upon.

We concur in the statement that it is a duty of the courts to discover the intention of the legislature and construe its acts in accordance therewith. We frequently decline to follow the letter of the statute when it leads away from the true intent and purpose of the legislature, inconsistent with the general purpose of the act. We are, however, restricted to the act itself for the purpose of determining that intention. The demands of the time and the necessity for the passage of laws to meet emergencies can have no effect on the construction which the court must give. Sometimes we are aided by the emergency clause, but this cannot be inconsistent with the plain and unambiguous language of the act. The caption may embrace provisions which would be wise, but the body of the bill must so expand that idea as to make it in force. Furthermore, the express language of the bill itself cannot be effective under our constitution, as discussed in the original opinion, unless notice of all such provisions is contained within the caption. Appellants have overlooked the discussion of this phase of the question in the original opinion and would have us overlook some of these restrictions in order to construe the bill to be what in their opinion is a laudable purpose in its enactment. This Court has no power to do that. We think the original opinion has made clear our view on the subject and further discussion will not be necessary.

The argument is made, in behalf of appellants, for a holding that would permit county courts to place defendants on probation in order to "* * * settle and clarify all possible situations that could arise, and would be a marked advance of our jurisprudence, * * *." We are fully impressed that there is a necessity for a clarification of the act involved. We concede that it may be important to the proper order of social conduct that such

a law as contended for be upheld, but we are more impressed with the provisions of our constitution which vest the legislature with all law making power. We can construe the acts of the legislature but we cannot amend them.

Appellants' motion for rehearing is overruled.