Morgan Austin **ROWE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 27298.

Court of Criminal Appeals of Texas.

Jan. 5, 1955.

Rehearing Denied March 9, 1955.

No attorney on appeal for appellant.

Henry Wade, Criminal Dist. Atty., Charles S. Potts, Asst. Dist. Atty., Dallas, Wesley Dice, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 30 days in jail and a fine of $125.

No statement of facts or bills of exception appear in the record.

The judgment herein recites that the jail term was probated.

■ In compliance with the holding in Gilderbloom v. State, Tex.Cr.App., 272 S.W.2d 106, the judgment herein is reformed so as to eliminate the provision for probation and, as reformed, is affirmed.

DAVIDSON, Judge (dissenting).

My brethren reform the judgment of the trial court by eliminating therefrom the probation of the 30-day jail penalty and, as so reformed, the judgment is affirmed. Gilderbloom v. State, Tex.Cr.App., 272 S.W.2d 106, supports that judgment and is cited as authority therefor.

I do not agree that the judgment may be so reformed. The Gilderbloom case is basically unsound, and ought to be overruled.

I therefore enter my dissent, and present my reason therefor:

Art. 802, Vernon's P.C., as it existed prior to May 27, 1953, defined the offense known as drunken driving and fixed the punishment for violation thereof "by confinement in the County Jail for not less than ten (10) days nor more than two (2) years, or by a fine of not less than Fifty Dollars ($50) nor more than Five Hundred ($500), or by both such fine and imprisonment."

This statute will be referred to as the old act.

By Chap. 167 passed at the regular session of the 53rd Legislature in 1953, and

effective 90 days after adjournment on May 27, 1953, the legislature amended Art. 802, Vernon's P.C., and fixed the punishment for drunken driving at "confinement in the county jail for not less than three (3) days nor more than two (2) years, and by a fine of not less than Fifty ($50.00) Dollars nor more than Five Hundred ($500.00) Dollars. Provided, however, that the presiding judge in such cases at his discretion may commute said jail sentence to a probation period of not less than six (6) months."

This statute will be referred to as the new act.

It will be seen that the difference, and only difference, between the old and the new act is that at least three days' confinement in jail, together with a fine, is required by the latter. The jail term, however, is subject to be probated at the discretion of the trial court.

There is nothing vague, indefinite, or uncertain about the language or terms of the new act. To the contrary, the language is direct, clear, definite, and certain. It shows that the legislature changed the punishment affixed to the offense of drunken driving and authorized probation of the jail penalty.

In Ex parte Hayden, 152 Tex.Cr.R. 517, 215 S.W.2d 620, it was held—and I think correctly so—that the Adult Probation and Parole Law, Art. 781b, Vernon's C.C.P., did not extend to and authorize the probation of a jail sentence in a misdemeanor case. The conclusion reached was that the new act, in so far as it authorized probation of the jail penalty, was void and in violation of the Constitution, which places the clemency power in the Governor and the Board of Pardons and Paroles of this state.

Instead of destroying the whole of the new act by reason of its unconstitutional portion, the court proceeds in the Gilderbloom case to sustain the remaining portion —that is, to sustain the new or amended penalty or punishment fixed thereby, without reference to probation. That holding was founded upon the proposition that such was the legislative intent in passing the new act.

In my opinion, that holding is wrong. It is of such far reaching effect as to be dangerous to the settled law of statutory construction in this state.

It is by reason of this innovation that I am impelled to express my views at some length, which I might not otherwise do.

It will be noted that the new act contained no severability clause. Nowhere therein did the legislature give any direction as to the validity of the other portions of the act in the event any part was found to be invalid. The presumption must attain that had the legislature so desired or intended, a severability clause would have been placed in the act.

It is a cardinal rule of statutory construction that the courts will, in construing a statute, look for the legislative intent. But that rule applies only when there exists some reason to look for the legislative intent. So, also, it is the rule that if a statute is clear, unambiguous, and susceptible of but one construction, there is no occasion to look for the legislative intent.

Above and beyond all rules, the courts should never, under the guise of seeking the intent of the legislature, enter the field of legislation and promulgate laws.

The rules referred to will be found in 39 Tex.Jur., Statutes, Sections 88 and 89. The supporting authorities are there collated.

Here, the new act is direct and certain, and expressed in terms that call for no reason to look for their meaning.

The sustaining of the new act with the probation feature removed therefrom is, in my opinion, the rankest sort of judicial legislation on the part of the court. The court goes further than the legislature, itself, did, for, by giving effect to what it construes to be legislative intent, it assumes the position of enacting a law by intent or intendment. There is no such thing as enacting a law by intent. To be effective, a law must be the act of the legislature and not what the legislature intended to enact into law.

In my opinion, then, there is no escape from the conclusion that the Gilderbloom

case sustains as a law that which was not enacted by the legislature but what the court construes the legislature intended to enact.

The Gilderbloom case violates still another cardinal rule of statutory construction:

If the several provisions of a legislative act are so mutually connected with and dependent upon each other as conditions, consideration, or compensation for each other as to warrant the belief that the legislature intended them as a whole and would not have enacted one or more of them if the others could not be joined and carried into effect, then all provisions must fall. 9 Tex. Jur., Constitutional Law, Sec. 56, p. 474.

Here, the new act dealt only with and legislated upon one single subject, that being the penalty which was to be affixed to the offense of drunken driving. The penalty was divided into two parts, the first being the punishment that was to be applied and the second, relief against part of the punishment that was required to be applied (probation).

Now the Gilderbloom case holds that the provision which relieves against the punishment was incidental only to the punishment and could thereby be eliminated. With this conclusion I do not agree. The probation feature of the new act is as much a part of the punishment affixed thereby as any other part thereof. It was not, therefore, only incidental to the act but a necessary part of the whole act. The punishment affixed to the crime of drunken driving by the new act could not be given effect without the probation feature. The striking from the new act of the probation feature destroyed, in my opinion, the whole of the act.

Accordingly, it is my view that the new act must fall and that the old act has never been amended and is the act under which prosecutions for drunken driving should be conducted, and that this case should be reversed and remanded.

On Appellant's Motion for Rehearing

WOODLEY, Judge.

Appellant has filed a well prepared and well reasoned brief in support of his contention that the holding of this Court in Gilderbloom v. State, 272 S.W.2d 106, is wrong and that the entire act amending Art. 802, V.A.P.C., is invalid.

It will be observed that appellant pleaded guilty and was assessed a punishment applicable to Art. 802, V.A.P.C., prior to its amendment and, if the amending statute is invalid as a whole, this conviction would be upheld under the prior act.

The dissenting opinion of Judge DAVIDSON and appellant's brief in support of his motion for rehearing are much in line with the thinking of the writer when the Gilderbloom opinion was handed down. However, a majority of the Court agreed that the intent of the Legislature could be determined from the act, which was that the compulsory jail term portion was the prime purpose, and the provision as to commutation or probation was only incidental. The legislature would not, therefore, have failed to enact the amendment providing for a compulsory jail term though they had known that the provision for commutation was invalid.

The decision in the Gilderbloom case became final while Judge Graves was a member of the Court, and has since been followed by this Court and in trial courts. The writer believes that the holding as to the legislative intent should not now be overruled.

In any event, this appeal is not controlled by the soundness or unsoundness of the Gilderbloom opinion because, if the entire amendment of Art. 802, V.A.P.C. was void, nevertheless the court did not err in accepting appellant's plea of guilty and assessing his punishment at a fine of $125.00 and 30 days in jail. Under neither theory would probation, suspension of sentence or commutation be applicable.

Appellant's motion for rehearing is overruled.

DAVIDSON, Judge (dissenting on appellant's motion for rehearing).

The opinion overruling appellant's motion for rehearing is predicated not so much on

whether the Gilderbloom case is right as it is that it should not be overruled, even though wrong.

Concerning such pronouncement I can only say that the wrong never becomes the right because it is persisted in.

The Gilderbloom case is so patently wrong and announces such a new and incorrect rule of statutory construction in this state that it ought to be expressly overruled.