## EX PARTE MALCOLM M. LEVINSON

No. 27,381.   January 5, 1955

*Crouch and Pringle,* by *Brantley Pringle,* Fort Worth, for relator.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

By Sec. 2 of Art. 725c, Vernon's P. C., it is made unlawful for "any person to habitually use narcotic drugs" or to be "addicted to the use of narcotic drugs."

Under the information charging that he was guilty of both unlawful acts, relator, upon his plea of guilty, was convicted and his punishment assessed at confinement for a term of one year in the Tarrant County jail.

The jail term was probated, however, to one year in the United States Public Health Service Hospital for treatment, under the provisions of Sec. 4 of said article.

Relator elected not to seek relief from such conviction by appealing from said judgment, but, rather, relies upon the writ of habeas corpus direct to this court. Of necessity, in order to pursue that remedy, he must show that the judgment is absolutely void. In view thereof, the insistence, here, is that the statute upon which the conviction rests is void and creates no offense.

Relator contends that the act is void because the Adult Probation and Parole Law (Art. 781b, Vernon's C. C. P.) is applied to convictions under the act.

Sec. 4 of the act expressly authorizes punishments which may be affixed to violations of the act to be probated or the paroling of the accused under the parole law above mentioned.

The offense created by the act is a misdemeanor.

It is now definitely settled that the Adult Probation and Parole Law does not apply to misdemeanor convictions. Ex parte Hayden, 152 Texas Cr. R. 517, 215 S.W. 2d 620; Ex parte Griffin, 158 Texas Cr. R. 570, 258 S.W. 2d 324; Gilderbloom v. State, (page 471, this volume), 272 S.W. 2d 106. The attempt on the part of the legislature to apply the Adult Probation and Parole Law was without lawful authority.

The question, then, is whether the inclusion of the void probation and parole feature destroys the whole of the act.

The law touching the effect of a partial invalidity upon the entire statute appears to be well settled. In Texas-Louisiana Power Co., et al, v. City of Farmersville, 67 S.W. 2d 235, the rule is stated as follows:

" 'If, by striking out a void exception, proviso or other re strictive clause, the remainder, by reason of its generality, will have a broader scope as to subject or territory, its operation is not in accord with the legislative intent, and the whole would be affected and made void by the invalidity of such part.' "

See, also, Anderson, et al, v. Wood, 152 S.W. 2d 1084; Farrar, et al, v. Board of Trustees of Employees Retirement System of Texas, et al, 243 S.W. 2d 688.

The converse of that rule is stated by us in Gilderbloom v. State, supra, as follows:

"The rule appears to be that in the absence of a severability clause, if the unconstitutional part is stricken and that which remains is complete in itself and capable of being executed in accordance with the legislative intent, the remainder must be sustained."

It must be kept in mind, also, that in construing a statute or in seeking to ascertain the legislative intent in enacting a statute, the courts must not enter the field of legislation and write, rewrite, change, or add to a law. Ex parte Halsted, 147 Texas Cr. R. 453, 182 S.W. 2d 479; 39 Texas Jur., Sec. 89, p. 162.

With these rules in mind, we endeavor to ascertain the construction to be given the instant statute, with Sec. 4—applying the probation and parole law—stricken therefrom:

In the first place, the probation and parole feature was directly related to the question of punishment affixed to a violation of the act, for it authorized the punishment prescribed to be entirely abrogated and not enforced, notwithstanding the accused had been convicted of a violation of the act.

The act as a whole consists of three integral parts, which are: the unlawful act, the punishment for a violation thereof, and the probation of that punishment.

When the probation feature went out of the act, not only an integral part of the act went out but also a part of the punishment affixed to a violation of the act went out with it.

Moreover, to uphold this statute without the probation feature would defeat the prime purpose of the legislature in passing the statute, as shown by the caption and the emergency clause, namely, to provide for compulsory treatment of narcotic addicts.

It is clear that for this court to say that the legislature would have passed the statute notwithstanding the void provision thereof, we would necessarily rewrite the statute for the legislature. This we cannot do. The act without the probation and parole feature is a new and entirely different statute from the act with that provision.

The conclusion is reached that Sec. 4 of the act applying the probation and parole law permeates the entire act and renders it void.

The relief prayed for is granted and relator is ordered discharged from restraint under the judgment of conviction here under attack.

MORRISON, Judge Presiding (Concurring).

That Article 725c, V.A.P.C., was adopted to meet an urgent social and health need cannot be questioned. Courts should not strike down such legislation without pointing to a possible cure for the defect which caused the statute to fall.

Article 137, V.A.C.C.P., provides:

"When a judge or court authorized to grant writs of habeas corpus shall be satisfied, upon investigation, that a person in legal custody is afflicted with a disease which will render a removal necessary for the preservation of life, an order may be made for the removal of the prisoner to some other place where his health will not be likely to suffer; or he may be admitted to bail when it appears that any species of confinement will endanger his life."

It is apparent from this article, which has not been successfully challenged, that the legislature has already given the trial court certain control over the place in which one convicted may be incarcerated.

In order for the legislature to constitutionally achieve the end desired by the passage of Article 725c, it would appear to

610

the writer that they might do so by deleting Section 4 and giving to the trial judge similar powers heretofore given by Article 137 in fixing the place of imprisonment of one convicted under this act.