## EX PARTE JOHNNY SALAZAR

No. 27,353. January 26, 1955

*Calamia and Chew,* by *Joseph A. Calamia,* El Paso, for relator.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an original application for a writ of habeas corpus.

The relator was convicted in the corporation court of the city of El Paso under a complaint charging that he went into a public place while under the influence of a narcotic drug, as such drug is defined by Art. 725b, of the Penal Code of the State of Texas, in violation of the Narcotics Ordinance of the city of El Paso.

The ordinance under which relator was charged makes it unlawful to be on a public street or in a public place under the influence of any narcotic drug and, for its violation, fixes a penalty by fine not exceeding $200.

Relator's sole contention is that said ordinance is void because it is in conflict with Art. 725c, Vernon's Ann. P.C., which prohibits the same act for which relator was here convicted

under said ordinance, in that it prescribes a different and lesser punishment than that fixed by said statute.

We held in Ex Parte Levinson, No. 27,381, decided January 5, 1955, 160 Texas Cr. Rep., 606, that Art. 725c, Vernon's Ann. P.C., was void.

In view of our holding in Ex Parte Levinson, supra, the ordinance relating to the particular matter here charged in the complaint and upon which relator was convicted is not in conflict with the state law and, therefore, said ordinance is not subject to the attack here made on its validty.

The application for a writ of habeas corpus is denied and the relator is ordered remanded to custody.

Opinion approved by the court.