EDSEL WAGGONER V. STATE

No. 27,210. February 2, 1955
Rehearing Denied (Without Written Opinion) March 16, 1955

*Stafford, Atlas & Spilman,* by *Morris Atlas,* McAllen, for appellant.

*J. R. Alamia,* Criminal District Attorney, Edinburg, and *Wesley Dice,* State's Attorney, Austin, for the state.

ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge.

The state's motion for rehearing attacks as void Art. 534 (a) V.A.P.C., upon the ground that the provision for suspension of sentence therein contained is unconstitutional.

While the act of the 53rd Legislature which has now become Art. 534 (a) V.A.P.C. refers to the provision as one for suspension of sentence, the power granted therein appears to be more in the nature of probation than suspended sentence.

In either event, the offense being a misdemeanor, the provision is not authorized by Art. IV, Sec. 11 (a) of the Constitution of Texas, and violates Art. IV, Sec. 11, of the said Constitution which places the power to pardon and commute in the Governor and the Board of Pardons and Paroles. Ex parte Hayden, 152 Texas Cr. Rep. 517, 215 S.W. 2d 620; Gilderbloom v. State, 160 Texas Cr. Rep. 178, 272 S.W. 2d 106; Ex parte Miers, 124 Texas Cr. Rep. 592, 64 S.W. 2d 778; Snodgrass v. State, 67 Texas Cr. Rep. 615, 150 S.W. 162 and Snodgrass v. State, 67 Texas Cr. Rep. 648, 150 S.W. 178; Ex parte Levinson, No. 27,381, 160 Texas Cr. Rep. 606, 274 S.W. 2d 76.

The question of whether or not the statute may be upheld if the void provision for suspension of sentence or probation is stricken is governed by the rule stated in Gilderbloom v. State and Ex parte Levinson, supra.

The act in question specifically repeals Art. 534 V.A.P.C. insofar as it conflicts therewith, and re-enacts Art. 534 (a) V.A. P.C. as enacted in 1949 (Acts 51st Legislature, p. 924, Ch. 500). The history of the latter article and of the amendment of Art. 534 P.C. at the same session of the legislature will be found in Ex parte De Jesus de La O, 154 Texas Cr. Rep. 326, 227 S.W. 2d 212, where we held that Art. 534 P.C. as amended prevailed over Art. 534 (a).

The 53rd Legislature saw fit to re-enact Art. 534 (a) V.AP.C.

and if the statute violates no provision of the Constitution, it should be upheld.

A comparison of Art. 534 P.C. as amended and the present Art. 534(a), aside from the suspended sentence or probation feature, reveals the following changes.

(1) The punishment provided for the offense of contributing to the delinquency of a minor is fixed in Art. 534 at a fine not exceeding $500 or imprisonment in jail not to exceed one year, or both. Art. 534(a) provides for a similar fine, but reduces the jail term to imprisonment in jail not to exceed six months, and likewise provides that both a fine and jail term may be imposed.

(2) Exclusive jurisdiction of the offense defined in Art. 534(a) is conferred upon juvenile courts. No such provision is found in Art. 534 P.C. and the county court has jurisdiction. Ex parte De Jesus De La O, supra.

We see no material difference in the provisions of the two statutes not herein above mentioned. The definitions of the offense of contributing to the delinquency of a minor and of the term "delinquency" are essentially the same.

The question then is, if the suspended sentence provision is stricken, will that which remains be complete in itself and capable of being executed in accordance with the legislative intent? If so the remainder must be sustained.

Stated another way, if it was the prime purpose of the legislature to reduce the jail term to six months rather than a maximum of one year and to place the jurisdiction of the offense in the court which had been designated as the juvenile court (whether it be a district court or a county court) without regard to the power granted in the statute to the judge to suspend or probate the "sentence," the act may be upheld, though the provision for probation or suspension of sentence is stricken as void.

The emergency clause of Art. 534(a) reads in part as follows:

"The fact that the present provisions of law are inadequate for the proper protection of juveniles because House Bill No. 656 was held invalid as being in conflict with Senate Bill No. 425 passed at a later date of the same session of the Legislature,

which bill was primarily concerned with protection of adult Narcotic and Alcohol addicts, creates an emergency, etc."

House Bill 656 of the 51st Legislature (Art. 534(a) V.A.P.C.) likewise contained the provision for suspension of sentence, the reduced maximum jail term, and the fixing of jurisdiction which appear in the present Art. 534(a). That the legislature considered the fact that Art. 534 as amended in 1949 was primarily concerned with the protection of narcotic and alcohol addicts, and in passing the present Art. 534(a) considered the law as found in Art. 534 V.A.P.C. as amended by Senate Bill 425 to be inadequate for the proper protection of juveniles, does not appear to shed light upon whether they would have reduced the maximum jail term and changed the jurisdiction so that the offense should thereafter be prosecuted in the juvenile court, had they known that the provision for suspending the sentence and for the release of the convicted person upon bond to secure his fulfillment of the conditions upon which he was released was ineffectual.

If any intent of the legislature in this regard is shown it would appear that the power to suspend or probate was a contributing if not controlling factor in its decision that jurisdiction of the offense be removed from the ordinary criminal jurisdiction of the county court where sentences are unknown, and neither probation or suspension of sentence laws are applicable, and placed in juvenile courts where probation officers were ordinarily available. The fact that juvenile proceedings are civil in nature appears to have been overlooked.

We conclude therefore that the state's position here must be sustained, and Art. 534(a) as enacted by the 53rd Legislature held to be void.

Being void, said act did not repeal Art. 534 as amended by the 51st Legislature, (Art. 534 V.A.P.C.), and such article as amended remains the statute applicable to the offense of contributing to the delinquency of a minor.

Jurisdiction of said offense is in the county court.

Our original opinion in which we reached a contrary conclusion is withdrawn.

Appellant was found guilty of contributing to the delinquency of a minor, the act charged being an offense under Art. 534

V.A.P.C. He was assessed a jail term of 6 months, which punishment is one authorized in said article.

There is no statement of facts which shows the evidence adduced at the trial.

Appellant insists that he is entitled to a reversal of the conviction because he was not present when members of the jury panel were questioned by his counsel and counsel for the state, and when the jury was selected.

This is not raised by bill of exception, appellant relying upon his motion for new trial to which his affidavit was attached, and to the agreed statement showing the facts as to the selection of the jury.

Art. 760e V.A.C.C.P. applies to "motions for new trial based on jury misconduct or that the jury received new evidence during deliberations." It does not, therefore, eliminate the necessity of a formal bill of exception where a new trial is sought on the grounds. The question of the effect of appellant's absence during the selection of the jury is not therefore before us.

The state's motion for rehearing is granted, the order of reversal is set aside, and the judgment is now affirmed.

MORRISON, Presiding Judge, dissenting.

I agree with my brethren that that portion of Article 534a, V.A.P.C., which gives the trial court the power to place the person convicted on probation is void, but I do not agree that this destroys the entire act.

When the legislature amended said article in 1953, they did so in order to render inoperative our decision in Ex parte De Jesus De La O, 154 Texas Cr. Rep. 326, 227 S.W. 2d 212. In said act they expressly repealed Article 534 V.A.P.C., insofar as it conflicted with the act they were then passing. It seems inescapable to me that the legislature intended that all prosecutions relating to adult narcotic and alcoholic addicts should be instituted in the county court under Article 534 and that all prosecutions for contributing to the delinquency of a minor should be instituted in the juvenile court under Article 534a. I think all of Article 534a should stand save the void provision for probation. This is, in effect, what we held in Gilderbloom v. State, 160 Texas Cr. Rep. 471, 272 S.W. 2d 106.

I respectfully enter my dissent.