

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 30, 1965

Honorable Frank Briscoe
District Attorney
Harris County
Houston, Texas

Opinion No. C-492

Re: Constitutionality of the
Misdemeanor Probation Law
of 1965.

Dear Mr. Briscoe:

You have requested our opinion on the validity of House Bill 395, Acts of the 59th Legislature, Regular Session, 1965, Chapter 164, page 346, compiled in Vernon's as Article 784a, Vernon's Code of Criminal Procedure, known as the Misdemeanor Probation Law of 1965.

Sections 3, 4, 6 and 8 of the Misdemeanor Probation Law of 1965, read as follows:

"Sec. 3. (a) A defendant who has been found guilty of a misdemeanor wherein the maximum permissible punishment is by confinement in jail or by a fine in excess of $200 may be granted probation if:

(1) he applies in writing to the court for probation before trial;

(2) he has never before been convicted in this or another jurisdiction of a felony or of a misdemeanor for which the maximum permissible punishment is by confinement in jail or exceeds a $200 fine;

(3) he has not been granted probation nor been under probation under this Act or any other Act in the preceding five years;

(4) he has paid all costs of his trial and so much of any fine imposed as the court directs; and

(5) the court believes that the ends of justice and the best interests of society and of the defendant will be served by granting him probation.

-2325-

(b)  If a defendant satisfies the requirements of Section 3(a) (1), (2), (3), and (4) of this Act, and the jury hearing his case recommends probation in its verdict, the court must grant the defendant probation.  The court may, however, extend the term of the probationary period to any length of time not exceeding the maximum time of confinement allowed by law.  In the event probation is revoked in accordance with Section 6, the judgment of the court shall not prescribe any penalty in excess of that imposed by the jury.

(c)  A defendant's application for probation must be made under oath and must also contain statements (1) that he has never before been convicted in this or another jurisdiction of a felony or of a misdemeanor for which the maximum permissible punishment is by confinement in jail or exceeds a $200 fine, and (2) that he has not been granted probation nor been under probation under this Act or any other Act in the preceding five years.  The application may contain what other information the court directs.

(d)  When a defendant has applied for probation, the court during the trial of his case must receive competent evidence concerning the defendant's entitlement to probation

"Sec. 4. (a)  When a defendant is granted probation under the terms of this Act, the finding of guilty does not become final, nor may the court render judgment thereon, except as provided in Section 6 of this Act.

(b)  The court shall record the fact and date that probation was granted on the docket sheet or in the minutes of the court.  The court shall also note the period and terms of the probation, and the details of the judgment.  The court's records may not reflect a final conviction, however, unless probation is later revoked in accordance with Section 6 of this Act."

"Sec. 6. (a)  If a probationer violates any term of his probation, the court may cause his arrest by warrant as in other cases.  The probationer upon arrest shall be brought promptly before the court causing his arrest and the court,

upon motion of the state and after a hearing without a jury, may continue, modify, or revoke the probation as the evidence warrants.

(b)  On the date the probation is revoked, the finding of guilty becomes final and the court shall render judgment tnereon against the defendant  The judgment shall be enforced as in other cases and the time served on probation may not be credited or otherwise considered for any purpose."

"Sec  8. (a)  A probationer, at the time he is granted probation, may appeal his conviction as in other cases.  He may also appeal the revocation of his probation, but the revocation may not be set aside on appeal without a clear showing of abuse of discretion by the revoking court.

(b)  The refusal of a court to grant probation is not appealable unless the jury hearing the case has recommended probation in its verdict and the defendant has satisfied the requirements of Section 3(a) (1), (2), (3), and (4) of this Act."

In passing on the validity of the Suspended Sentence Law of the 33rd Legislature, the Court of Criminal Appeals, in Baker v. State, 158 S.W. 998 (1913) stated:

"There is no doubt but what the Constitution confers upon the Governor the sole and exclusive right to grant pardons, and that the Legislature, courts, nor juries can usurp nor have that authority conferred on them.  But the Constitution also confers upon the Legislature the authority and power to define crimes and fix the punishment therefor, and when they enact a law defining a crime and fixing the penalty, unless vetoed by the Governor, it becomes the law of the land.  They would have the authority and power to define burglary as an offense, and provide that when a person is charged with the offense he may, by showing that this was his first offense, be not punished at all, but that for the second or any subsequent offense he should be punished as the act should provide.  . . ."

It is our opinion that the probation provisions of the Act in question constitute part of the punishment provided by the

Legislature to be inflicted on those who offend against our criminal laws and do not interfere with the power of the Governor conferred by the provisions of Section 11 of Article IV of the Constitution of Texas.

Analyzing the provisions of the Misdemeanor Probation Law of 1965, in accordance with the principle of law announced by the Court of Criminal Appeals in the foregoing case, it is noted that the Legislature has prescribed the punishment of a defendant who has been found guilty of a misdemeanor and who falls within the provisions of Section 3 of said Act, and has authorized the court to impose the punishment according to the terms and conditions of probation set out in Section 5 of the Act, and authorizes the court to impose additional punishment under the provisions of Section 6 if the probationer violates any term of his probation. Furthermore, Section 8 of this Act authorizes such person to appeal his conviction as in other cases. We are therefore of the opinion that the provisions of the Misdemeanor Probation Law of 1965 constitute an exercise of legislative authority to define crimes and fix the punishment therefor, rather than an interference with the executive power conferred by Section 11 of Article IV of the Constitution of Texas. Section 11A of Article IV of the Constitution of Texas, added in 1935, provides:

> "The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe." (Emphasis added).

In Ex parte Hayden, 215 S.W.2d 620 (1948), the Court of Criminal Appeals construed the provisions of Section 11A as follows:

> "The provisions of the Constitution are to be strictly construed and should be allowed no liberality of meaning where such provisions are to be passed upon and are plain and unambiguous. Notice is therefore taken of the word 'sentence' in the above amendment.
>
> "'Judgment' and 'sentence' are not the same thing; the two are distinct and independent. In misdemeanor cases, a verdict of guilty is itself the judgment of conviction. No formal sentence is required. A formal sentence is not necessary

> in a prosecution for a misdemeanor. In felony cases, it is the duty of the judge to pronounce sentence on the judgment of conviction, and the sentence is in fact the final judgment of the case. See 12 Tex.Jur., p. 717, sec. 355, and p. 685, sec. 334, idem; also Articles 782, 783, and 784 C.C.P. In Chapter 3 under Title 9, C.C.P., relating to judgment and sentence in cases of felony, Art. 767, reads as follows: 'A "sentence" is the order of the court, made in the presence of the defendant, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law.'
>
> "It appears, therefore, that there exists a difference between a judgment and a sentence; and the Legislature, having before it the previous enactments relative thereto, as well as Section 11A of Article IV of the State Constitution, evidently had such in mind when it passed House Bill No. 120, and only referred to 'sentences' and refrained from the use of the word 'judgment'. Under such a condition, we express the opinion that the Act in question, House Bill No. 120, does not apply to judgments in the County Courts, or County Courts at Law with criminal jurisdiction in this state. . . ." (Emphasis added).

It is noted that Ex parte Hayden specifically held that the Adult Probation and Parole Act of the 50th Legislature did not apply to judgments in the County Courts or County Courts at Law with criminal jurisdiction in the State. It is further noted, however, that Ex parte Hayden did not modify the principles of law announced in Baker v. State, supra, which principles of law are applicable not only to felony cases but misdemeanor cases. Ex parte Hayden merely held that the provisions of the Adult Probation and Parole Act of the 50th Legislature were limited to the suspension of sentences and did not apply to the suspension of judgment, and therefore could not apply to County Courts or County Courts at Law with criminal jurisdiction. Ex parte Hayden expressed no opinion concerning the power of the Legislature to enact provisions authorizing County Courts and County Courts at Law to impose the punishment provided in House Bill 395, Acts of the 59th Legislature. Likewise, Waggoner v. State, 275 S.W.2d 821 (Tex.Cr. 1955) does not pass on the constitutional authority of the Legislature to define the crime and fix the punishment therefor, as provided in House Bill 395, Acts of the 59th Legislature

You are therefore advised that it is our opinion that the validity of House Bill 395 of the 59th Legislature is governed by the principles of law announced in Baker v. State, supra. Applying such principles, you are advised that the provisions of the Misdemeanor Probation Law of 1965 are valid and constitutional.

## S U M M A R Y

Th provisions of House Bill 395, Acts of the 59th Legislature, Regular Session, 1965, Chapter 164, page 346, compiled in Vernon's as Article 784a, Vernon's Code of Criminal Procedure, known as the Misdemeanor Probation Law of 1965, are valid and constitutional. Baker v. State, 158 S.W. 998 (1913).

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. O. Shultz, Chairman
Roger Tyler
Bob Flowers
Harold Kennedy
Lonnie Zweiner

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright