Dwayne Rhea **MILLMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46269.

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

On Reinstatement of Appeal Dec. 20, 1972.

No attorney on appeal.

Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The conviction is for the misdemeanor offense of driving and operating a motor vehicle upon a public highway while intoxicated. The punishment was assessed at five days in jail and a fine of $100.00.

The sentence contained in the record affirmatively shows that it was pronounced in absentia, the appellant not being present.

Article 42.02, Vernon's Ann.C.C.P., provides:

"A 'sentence' is the order of the court in a felony or misdemeanor case made in the presence of the defendant, except in misdemeanor cases where the maximum possible punishment is by fine only, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."

Article 42.14, Vernon's Ann.C.C.P., provides:

"The judgment and sentence in a misdemeanor case may be rendered in the absence of the defendant."

At first blush, the statutes would seem to be in conflict.

Prior to the 1965 Code of Criminal Procedure, a sentence was pronounced only in felony cases. See former Article 767, Vernon's Ann.C.C.P., 1925. Since sentences were not imposed in any type of misdemeanor cases, it was held that courts were without authority to grant probation in misdemeanor cases under former Article 781b, Vernon's Ann.C.C.P., enacted in 1947.[1] See Ex parte Hayden, 152 Tex.Cr.

R. 517, 215 S.W.2d 620 (1948), and Article IV § 11A, Vernon's Ann.St.Tex.Const. See also Ex parte Griffin, 158 Tex.Cr.R. 570, 258 S.W.2d 324 (1953); Ex parte Levinson, 160 Tex.Cr.R. 606, 274 S.W.2d 76 (1955); Waggoner v. State, 161 Tex. Cr.R. 242, 275 S.W.2d 821 (1955); Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S. W.2d 106 (1954); Ex parte Miers, 124 Tex.Cr.R. 592, 64 S.W.2d 778 (1933); Snodgrass v. State, 67 Tex.Cr.R. 615, 150 S.W. 162 (1912), and Snodgrass v. State, 67 Tex.Cr.R. 648, 150 S.W. 178 (1912).

In order to remove any impediment to the granting of misdemeanor probation, Article 42.02, supra (formerly Article 767, Vernon's Ann.C.C.P.), defining "sentence" was drafted to include not only felonies but all misdemeanors, except misdemeanors "where the maximum possible punishment is by fine only," and the statute requires the sentencing to be done in the presence of the defendant, as did the former statute.

And, this court has interpreted Article 42.02, supra, as being mandatory and requiring a sentence in every felony and misdemeanor case except misdemeanor cases where the maximum possible punishment is by a fine only. Clemons v. State, 414 S. W.2d 940 (Tex.Cr.App.1967); Hodges v. State, 417 S.W.2d 178 (Tex.Cr.App.1967); Flores v. State, 419 S.W.2d 202 (Tex.Cr. App.1967).

Former Article 782, Vernon's Ann.C.C. P., 1925, read: "The judgment in a misdemeanor case may be rendered in the absence of the defendant." When the statute was brought forward in the 1965 revision of the Code of Criminal Procedure as Article 42.14, supra, the words "and sentence" were added after the word "judgment.[2]"

---

1. Article 781d, Vernon's Ann.C.C.P., enacted in 1957, repealed Article 781b, supra, and applied expressly only to felony cases.

2. The words "and sentence" were not a part of the recommendations of the State Bar Committee on the Revision of the Code of Criminal Procedure to the 60th Legislature. The words were added some-

time during the legislative process and were, likewise, in light of Article 42.02, supra, erroneously added in certain statutes dealing with Justice of the Peace and Municipal Courts. See Articles 45.13(6), 45.15, 45.49, 45.50 and 45.52, Vernon's Ann.C.C.P. There are no sentences in misdemeanor cases over which these courts have jurisdiction.

Otherwise, the former statute remained unchanged.

Thus, Article 42.02, supra, would appear to require a sentence to be imposed in the defendant's presence in a misdemeanor case where the maximum possible punishment would be confinement in jail, while Article 42.14, supra, would appear to authorize the absence of the defendant at the time of sentencing in all misdemeanor cases if a sentence was required.

■ It should be borne in mind that Articles 42.02 and 42.14, supra, are acts in pari materia, parts of the same code enacted at the same time. These acts should be harmonized if at all possible.

In 53 Tex.Jur.2d Statutes § 189, p. 288, it is written:

> "Generally speaking, a code of laws or a revision of the statutes is construed as an act of the legislature, that is, according to the rules that apply to any other statute. It will, therefore, be interpreted as a whole, and in construing a particular section the court is not restricted to a consideration of that section alone. On the contrary, all provisions relating to the same matter will be read together, harmonized, and given effect, either as parts of the same act or as acts in pari materia, passed at the same time. But if there is an irreconcilable conflict between different sections or articles, the later in position prevails."

Further, in Section 188 of the same authority, it is written:

> "The rule that statutes in pari materia will be construed together applies with peculiar force to acts passed at the same session of the legislature, and with even greater force to acts passed at the same time. It is presumed that contemporaneous statutes are actuated by the same policy and imbued by the same spirit. Accordingly, they will be read together, each in the light of the other, as though they were embraced in one act or were supplementary to each other. The several acts will be harmonized, and each will

be upheld and given effect unless their provisions are absolutely repugnant."

In determining the legislative intent, it is interesting to note that Article 42.03, Vernon's Ann.C.C.P., dealing with credit for jail time and pending appeal, provided, when enacted in 1965, in part, as follows:

> "If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant . . . . "

This was the same language used in former Article 768, Vernon's Ann.C.C.P., 1925.

In 1967, Article 42.03, supra, was amended to read, in part, as follows:

> "If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant *except when his presence is not required by Article 42.02* . . . . " (Emphasis added.) (Acts 1967, 60th Leg., p. 1743, ch. 659, § 28)

The italicized portion of the statute was the only amendment made in the statute, thus indicating the legislative intent that the procedure provided in Article 42.02, supra, should be followed.

This is, of course, the latest expression of the legislative will. *Cf.* Article 5429b, Vernon's Ann.Civ.Stats.

■■ Therefore, we conclude that in construing these statutes together, a sentence in a misdemeanor case, where the maximum possible punishment could have been confinement in jail, must be pronounced in the presence of the defendant, and that Article 42.02, supra, governs as to the extent of conflict between such statute and Article 42.14, supra. We further hold that provisions of Article 42.14, supra, have application to misdemeanor cases where the maximum possible punishment is by fine only, such as those cases normally tried in the Justice of the Peace and Municipal Courts. Further, such statute should have application to judgments entered in such misdemeanors.

Since the appellant was not present at the time of the sentencing in the instant case where the conviction was for a violation of Article 802, Vernon's Ann.P.C., the cause is remanded for proper sentencing.

### OPINION ON RESTATE-MENT OF APPEAL

On original submission this cause was remanded for proper sentencing. A supplemental transcript reflects sentence has now been properly imposed.

In an examination of the record we find no grounds of error are set forth in a brief filed in the trial court as required by Article 40.09, Vernon's Ann.C.C.P.

We have examined the record and find nothing contained therein which we should consider as unassigned error under § 13 of said article.

No question based on indigency is raised.

 No motion for rehearing will be entertained or filed with the clerk without leave of the court first being obtained after good cause has been shown.

The judgment is affirmed.