**Billy Ray HOLLY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46649.**

Court of Criminal Appeals of Texas.

May 9, 1973.

vehicle while intoxicated upon a public highway. Punishment was assessed by the jury at ninety days in jail and a fine of $75.00.

The sentence contained in the record affirmatively shows that it was pronounced in absentia, the appellant not being present.

A sentence in a misdemeanor case, where the maximum possible punishment could have been confinement in jail, must be pronounced in the presence of the defendant under Article 42.02, Vernon's Ann.C.C.P.; Millman v. State, Tex.Cr. App., 487 S.W.2d 750.[1]

Since the appellant was not present at the time of sentencing in the instant case, where the conviction was for a violation of Article 802, Vernon's Ann.P.C., the cause is remanded for proper sentencing.

It is so ordered.

Opinion approved by the Court.

W. D. Hollars, Plainview, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

DAVIS, Commissioner.

Our Opinion on original submission is withdrawn and the following is substituted therefor.

Appeal is taken from a conviction for the misdemeanor offense of driving a motor

---

[1] In misdemeanor cases, where the maximum possible punshment is by fine only, Article 42.14, V.A.C.C.P., authorizes sentencing in the absence of defendant. Millman v. State, supra.