**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Marvin Dale JOHNSON, Appellee.**

**No. 7415.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 14, 1964.

Naomi Harney, County Atty., and Nolan K. Read, Asst. County Atty., Amarillo, for appellant.

Clayton, Kolander, Moser & Templeton, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a summary judgment case involving a license appeal.

Appellee, Marvin Dale Johnson, timely appealed to the County Court at Law, Potter County, Texas, under Article 6687b, Section 22(c) and 31, Texas Revised Civil Statutes, from an order suspending all operator's, commercial operator's, and chauffeur's license issued appellee by the Texas Department of Public Safety, which order in turn was based upon an affirmative finding by the Judge of the Corporation Court, Amarillo, Potter County, Texas, that appellee was an "habitual violator" as defined in Article 6687b, Section 22(b) 4, Texas Revised Civil Statutes. Subsequent to the filing of this appeal the Texas Department of Public Safety, appellant herein, filed its answer and motion for summary judgment alleging appellee to be an "habitual violator" by virtue of Article 6687b, Section 22(b) 4, Texas Revised Civil Statutes. Attached to appellant's motion for summary judgment were six purported certified notices of conviction, a copy of appellee's purported public driving record properly authenticated by the Supervisor of the Records Division of the Department of Public Safety, a properly certified copy of the Department's order of suspension issued appellee, and an affidavit by the Deputy Custodian of Driver Records, Driver and Vehicle Records Division, Texas Department of Public Safety.

Appellee countered with his motion for summary judgment supported by his affidavit contending he had never been convicted of any of the moving violations as contended by the appellant since he had never appeared before the judge and did not appear by an attorney but paid fines by paying at the fine window of the Corporation Court, Amarillo, Potter County, Texas.

Upon a hearing before the County Court at Law in and for Potter County, Texas, the court entered its summary judgment stating after examining the pleadings, affidavits, and hearing argument of the parties, the court found that plaintiff, appellee here, was entitled to summary judgment and ordered that the prayer of defendant, appellant here, for the suspension of appellee's operator's license and driver's privileges be in all things denied. From that judgment appellant perfected this appeal.

Appellant presents this appeal upon nine points of error contending the court erred in overruling appellant's motion for summary judgment; in sustaining appellee's motion for summary judgment; in holding the alleged violations of wrong way on a one-way street was not a conviction; in holding the alleged violation of speeding was not a conviction; in holding the alleged violation of no license plate was not a conviction; in holding the alleged violation of left turn into private drive in Center Business District was not a conviction; and in not holding that this record presented issues of fact that should have been submitted to the court or jury in a trial de novo.

The six notices of conviction mailed to the Driver's License Division of the Department of Public Safety which was the basis of the cancellation of appellee's driver's license was certified by the "Chief Clerk." These notices gave the name and address of the appellee, the number of his driver's license, the nature of the offense, and the penalty. The notices did not give the registration number of the vehicle involved, the date of hearing, the plea of appellee, nor the judgment other than to state "Convicted" and giving the date.

Section 152 of Article 6701d provides as follows:

"Convictions to be reported to Department"

"Sec. 152. (a) Every magistrate or judge of a court not of record and every clerk of a court of record shall keep a full record of every case in

which a person is charged with any violation of this Act or of any other law regulating the operation of vehicles on highways.

"(b) Within ten (10) days after conviction of forfeiture of bail of a person upon a charge of violating any provision of this Act or other law regulating the operation of vehicles on highways, every said magistrate of the court or clerk of the court of record in which such conviction was had or bail was forfeited shall prepare and immediately forward to the department an abstract of the record of said court covering the case in which said person was so convicted or forfeited bail, which abstract must be certified by the person so required to prepare the same to be true and correct.

"(c) Said abstract must be made upon a form furnished by the Department and shall include the name and address of the party charged, the number, if any, of his operator's, commercial operator's, or chauffeur's license, the registration number of the vehicle involved, the nature of the offense, the date of hearing, the plea, the judgment, or whether bail forfeited and the amount of the fine or forfeiture as the case may be.

"(d) Every court of record shall also forward a like report to the department upon the conviction of any person of negligent homicide or any felony in the commission of which a vehicle was used.

"(e) The failure, refusal, or neglect of any such judicial officer to comply with any of the requirements of this Section shall constitute misconduct in office and shall be grounds for removal therefrom.

"(f) The department shall keep all abstracts received hereunder at its main office."

It is provided in Section 152 that the magistrate (corporation judge here involved) "of the court * * * in which such conviction was had * * * *shall* prepare * * * an abstract of the record of said court covering the case in which said person was so convicted * * * which abstract *must be certified by the person so required to prepare the same to be true and correct."* Said section then provides certain things *shall* be included in the abstract. (Emphases ours.) The judge of the corporation court did not certify the abstract required but the same was certified by Maxine Webster, Chief Clerk. The corporation court is not a court of record. Ex Parte Hayden et al., Tex.Cr.App., 215 S.W.2d 620.

It is appellee's contention the court did not err in overruling appellant's motion for summary judgment; did not err in sustaining appellee's motion for summary judgment; and that the court did not err in not holding the record presented issues of fact that should have been submitted to the court or jury in a trial de novo. The appellee further contended the Department of Public Safety failed to sustain their burden of proof as required by Article 6701d, Sec. 152(c) of Vernon's Annotated Civil Statutes.

We are of the opinion, and so hold, that the Supreme Court has held contrary to appellee's contention and sustains appellant's contention that it was entitled to summary judgment in the cases of Texas Department of Public Safety v. Richardson, Tex., 384 S.W.2d 128 and Texas Department of Public Safety v. Miller, Tex., 386 S.W.2d 760 and that such holdings are binding on this court.

Accordingly, the judgment of the County Court at Law in and for Potter County, Texas, is reversed and rendered.

CHAPMAN, J., not participating.