UNITED STATES of America

v.

Hortencia G. PEREZ.

Crim. No. SA74CR35.

United States District Court,
W. D. Texas,
San Antonio Division.

May 2, 1974.

William S. Session, U. S. Atty., Eb F. Luckel, Jr., Sp. Atty., San Antonio, Tex., for plaintiff.

Warren Weir, San Antonio, Tex., for defendant.

## MEMORANDUM OPINION

SPEARS, Chief Judge.

On the 14th day of April, 1973, a cooperating individual arranged for Officer Alfonso Cavalier, a San Antonio Police Officer then assigned to the Office for Drug Abuse Law Enforcement (DALE), to make a narcotic purchase from a local heroin addict. Information obtained during the transaction led Officer Cavalier to believe that a large amount of contraband might be seized if a search was conducted at the premises located at 1327 Cantrell Street, San Antonio, Texas. A search warrant was obtained for the premises at that address from Judge Robert Lozano, of the San Antonio Municipal Court No. 3. The search warrant was predicated on a probable violation of the Uniform Narcotic Drug Act, Tex.Penal Code Ann. art. 725b (1961).

Twelve law enforcement officers participated in the execution of the search warrant, nine of whom had been assigned to the DALE Task Force. Four of the nine DALE officers were special agents of various federal agencies, while four other DALE officers were on special assignment from the San Antonio Police Department.

Currency totaling $5,010 was seized pursuant to the search, $520.00 of which had serial numbers identical to those of currency used earlier in the day by Officer Cavalier to purchase heroin.

The defendant moved to suppress the evidence seized pursuant to the state-issued search warrant, on the grounds that the warrant was not obtained in compliance with the requirements of Rule 41 of the Federal Rules of Criminal Procedure. Specifically, the defendant argues that the judge who issued the warrant was not authorized to do so by the Rule, sub-paragraph (a) of which states:

A search warrant authorized by this rule may be issued by a federal magistrate or a judge of a state within the district wherein the property sought is located, upon request of a federal law enforcement officer or an attorney for the government.

However, the authority to issue warrants granted to state judicial officers by Rule 41 is in addition to the state vested power of those courts to issue warrants based on the probable violation of state law. Although Rule 41 may prescribe the procedure to be followed by a state officer issuing a warrant for a violation of federal law, it does not contemplate regulating the issuance of warrants predicated on probable violations of state law. United States v. Sellers, 483 F.2d 37 (5th Cir. 1973). Thus, to determine the sufficiency of a state issued search warrant, a federal court must determine whether or not the warrant was issued as a state or federal warrant.

If the warrant was issued under authority of Rule 41 as a federal warrant clearly it must comply with the requirements of the rule. If, however, the warrant was issued under authority of a state law then every requirement of Rule 41 is not a *sine qua non* to federal court use of the fruits of a search predicated on the warrant, *even though federal officials participated in its procuration or execution.* (emphasis added) United States v. Sellers, *supra*, at 43.

The products of a search conducted pursuant to a validly issued state

warrant may be used in a federal prosecution if the warrant satisfies constitutional requirements and does not "contravene any rule-embodied policy designed to protect the federal courts."

██ Prior to the 1972 amendments to the Federal Rules of Criminal Procedure, Rule 41(a) required that a warrant be obtained from a "judge of a state court of record."[1] That requirement was held to be a substantive standard, and thus, *sine qua non* to federal court use, Navarro v. United States, 400 F.2d 315 (5th Cir. 1968), but the "court of record" portion appeared to have been eliminated from Rule 41(a) by the 1972 amendments, and the court in United States v. Sellers, *supra*, indicated as much in dictum. This Court, however, is of the opinion that the legislative history of Rule 41(a) demands an implicit inclusion of the court of record requirement. A study of that history indicates that the omission of the "court of record" language was inadvertent, unintentional and obviously a clerical error. The communication from the Chief Justice transmitting the proposed amendments to the Congress, dated April 25, 1974, and reproduced in House Document No. 92–285, 92d Congress, 2d Session, shows two versions of proposed amended Rule 41. At page 41 the original rule is reproduced with the proposed new language in italics and the matters proposed to be deleted stricken, and the phrase "court of record" is not stricken, thus indicating an intention that the language be retained.[2] At page 13 of the same document, however, wherein Rule 41 is reproduced in final form the court of record language is deleted.

In the Report of Proceedings of the Judicial Conference of the United States, dated September 13, 14, 1973, at page 81, Judge Maris acting on behalf of the Committee on Rules of Practice and Procedure, proposed a corrective amendment to Rule 41(a) to restore the phrase "court of record". Judge Maris in his report termed the omission of that language from the 1972 rule as "inadvertent". The Report of the Judicial Conference concludes by adopting the proposed corrective amendment to Rule 41(a).

Finally, on November 7, 1973, the Director of the Administrative Office of the United States Courts transmitted the proposed corrective amendment to the Supreme Court where it was approved and subsequently transmitted to Congress. It will become effective July 1, 1974.

██ Therefore, under these circumstances this Court must find that the court of record requirement is implicit in any interpretation of Rule 41(a), especially since the court in *Sellers* termed it to be a "Rule-embodied policy designed to protect the integrity of the federal courts."

Previous federal and Texas State Appellate court decisions have held that a municipal court judge in the state of Texas is not a judge of a state court of record. Navarro v. United States, *supra*; Ex Parte Hayden, 152 Tex.Cr.R. 517, 215 S.W.2d 620, 622 (1948); O'Quinn v. State, 462 S.W.2d 583 (Tex. Crim.App.1970), and Texas Department of Public Safety v. Johnson, 385 S.W.2d 720, 722 (Tex.Civ.App. Amarillo, 1964, no writ).

While it is unnecessary to determine whether the search was federal or state in nature, since it was illegal under ei-

---

1. (a) Authority to Issue Warrant. A search warrant authorized by this rule may be issued by a judge of the United States or of a state, commonwealth or territorial court of record or by a United States commissioner within the district wherein the property sought is located.

2. (a) Authority to Issue Warrant. A search warrant authorized by this rule may be is-
sued by a *federal magistrate or a judge* of a state ~~of the United States or, commonwealth, or territorial~~ court of record ~~or by a United States commissioner~~ within the district wherein the property sought is located, *upon request of a federal law enforcement officer or an attorney for the government.*

ther characterization, this Court is of the firm opinion that in view of the number of federal and quasi-federal officers involved, the search was in fact a federal one.

This, added to the conclusion already reached, that the search warrant, in order to be valid, must have been issued by a judge of a state court of record, compels the granting of defendant's Motion to Suppress, and it is so ordered.

Entered *nunc pro tunc* as of April 4, 1974, the date of this Court's original order which granted defendant's motion to suppress, and reserved the right to file a written opinion with respect thereto.