COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-344-CR
  
  
MARSHAL 
RAY CLOUGH A/K/A                                              APPELLANT
MARSHALL 
RAY CLOUGH
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
INTRODUCTION
        Appellant 
was indicted for indecency with a child by contact and pleaded guilty pursuant 
to a plea bargain.  The trial court suspended imposition of sentence and 
placed Appellant on deferred adjudication community supervision.  After 
Appellant violated conditions of his community supervision, the State moved to 
proceed to adjudication of guilt.  Appellant pleaded true to the 
allegations and the trial court sentenced Appellant to two years’ confinement. 
In his sole issue on appeal, Appellant argues that the absence of a reporter’s 
record of the sentencing hearing is reversible error.  We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
        As 
sufficiency of the evidence is not challenged, we need only briefly discuss the 
facts of this case.  Appellant was placed on community supervision in 
1999.  On January 13, 2003, the State moved to proceed to adjudication of 
guilt, alleging Appellant violated terms of his community supervision.  On 
January 17, 2003 Appellant’s counsel filed a motion for a court reporter to be 
present and transcribe all proceedings.  The adjudication hearing was 
conducted on June 30, 2003, July 2, 2003, and August 22, 2003.  The 
clerk’s record contains written plea admonishments signed by Appellant, his 
attorney, the State, and the trial judge on July 2.  The written 
admonishments include a statement that “I waive my right to have a court 
reporter make a record of these court proceedings.”  Directly below this 
statement are the signatures of Appellant and his attorney.
        The 
June 30 and July 2 portions of the hearing are included in the reporter’s 
record, but the August 22 portion is not.  The reporter’s record for July 
2 concludes with the trial judge stating, after both the State and Appellant had 
closed, that he was not going to proceed further at that time.  The 
clerk’s record reflects that the hearing resumed on August 22, and that 
Appellant was sentenced at that hearing.  The written judgment included in 
the clerk’s record sets forth the grounds for revoking Appellant’s community 
supervision, and reflects that his guilt was adjudicated and that he was 
sentenced to two years’ confinement.  The written judgment also contains 
the statement, “IT IS THEREFORE CONSIDERED AND ORDERED by the Court, in the 
presence of said Defendant, that the said judgment be, and the same is hereby in 
all things approved and confirmed . . . .”  The written judgment recites 
that the sentence was to commence on the same date of August 22, 2003.
LACK OF REPORTER’S RECORD
        Appellant’s 
sole argument on appeal is that the absence of the reporter’s record of the 
sentencing hearing is reversible error.  Appellant contends that the error 
is harmful because the reporter’s record is the means to determine whether the 
trial court pronounced sentence in his presence and whether the sentence in the 
written judgment comports with the sentence pronounced in court.  Although 
Appellant does not contend on appeal that there was no oral pronouncement of 
sentence or that he was not present when the sentence was pronounced, he does 
argue that the record is silent on whether he was present for sentencing.  
Appellant further argues that the lack of a record of the sentencing hearing 
prevents him from properly presenting his case on appeal.
        Sentence 
must be pronounced in the defendant’s presence in every felony and misdemeanor 
case, except where the maximum possible punishment is by fine only. Tex. Code Crim. Proc. Ann. art. 
42.03(1)(a) (Vernon Supp. 2004-05); Millman v. State, 487 S.W.2d 750, 752 
(Tex. Crim. App. 1972).  The sentence is a necessary component of the 
judgment that orders the punishment be carried into execution in the manner 
prescribed by law, and it is the pronouncement of sentence that is the 
appealable event; the written sentence simply memorializes it. Tex. Code Crim. Proc. Ann. art. 42.02; Coffey 
v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).  A written 
judgment is not valid if there was no pronouncement of sentence, and without a 
valid, written judgment, there is no conviction for Appellant to appeal. Thompson 
v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).
        Recitations 
in the judgment, such as the one stating that sentence was pronounced on August 
22, 2003, create a binding presumption of regularity in the absence of direct 
proof of their falsity. Johnson v. State, 72 S.W.3d 346, 349 (Tex. Crim. 
App. 2002); Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 
1984) (op. on reh’g).  No portion of the appellate record nor any 
evidence provided by Appellant demonstrates that the trial court failed to 
orally pronounce sentence on August 22, 2003 or that Appellant was not present 
when the sentence was orally pronounced.  To the contrary, the record 
reflects that on August 22 Appellant and his attorney executed written documents 
necessary to his appeal, including the trial court’s certification of 
Appellant’s right to appeal, which is also signed by the trial judge.  
Thus, Appellant has presented no evidence to rebut the presumption of regularity 
in the trial court’s judgment.
        Regarding 
Appellant’s complaint about the lack of a reporter’s record, the State 
contends that the record shows that Appellant and the State waived the making of 
a reporter’s record.  However, Appellant alleges in his brief that the 
record does not indicate an agreement to excuse the court reporter.
        The 
rules of appellate procedure require that the official court reporter must 
“unless excused by agreement of the parties, attend court sessions and make a 
full record of the proceedings.” Tex. R. App. P. 13.1(a).  In the 
present case, Appellant did file a motion requesting a court reporter to record 
all proceedings.  Nevertheless, we find that the record does demonstrate 
that at the adjudication hearing, Appellant expressly waived his right to have a 
court reporter present.  The clerk’s record contains written plea 
admonishments signed by Appellant, his attorney, the State, and the trial judge, 
and includes a waiver of Appellant’s right to a court reporter.
        Appellant’s 
brief overlooks the waiver contained within these admonishments and he does not 
argue that it is ineffective.  Even though the waiver is contained in 
boiler-plate language, there is nothing in the record to rebut the presumption 
that this waiver is valid.  See Alzarka v. State, 90 S.W.3d 321, 324 
(Tex. Crim. App. 2002) (finding that record directly contradicted and rebutted 
any presumption raised by terms of boiler-plate waiver of right to appeal 
contained in plea papers).  We conclude that Appellant affirmatively waived 
his right to the presence of a court reporter; therefore, he cannot now complain 
on appeal about the lack of a reporter’s record.  Tex. R. App. P. 13.1, 33.1(a).
CONCLUSION
        Having 
concluded that Appellant waived his right to the making of a record, we overrule 
Appellant’s sole issue.  Thus, we affirm the trial court’s judgment.
  
    
                                                          PER 
CURIAM
  
 
PANEL 
F:   GARDNER, LIVINGSTON, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.