CLOUGH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-344-CR

MARSHAL RAY CLOUGH A/K/A APPELLANT

MARSHALL RAY CLOUGH

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

INTRODUCTION

Appellant was indicted for indecency with a child by contact and pleaded guilty pursuant to a plea bargain.  The trial court suspended imposition of sentence and placed Appellant on deferred adjudication community supervision.  After Appellant violated conditions of his community supervision, the State moved to proceed to adjudication of guilt.  Appellant pleaded true to the allegations and the trial court sentenced Appellant to two years’ confinement.  In his sole issue on appeal, Appellant argues that the absence of a reporter’s record of the sentencing hearing is reversible error.  We affirm.

PROCEDURAL AND FACTUAL BACKGROUND

As sufficiency of the evidence is not challenged, we need only briefly discuss the facts of this case.  Appellant was placed on community supervision in 1999.  On January 13, 2003, the State moved to proceed to adjudication of guilt, alleging Appellant violated terms of his community supervision.  On January 17, 2003 Appellant’s counsel filed a motion for a court reporter to be present and transcribe all proceedings.  The adjudication hearing was conducted on June 30, 2003, July 2, 2003, and August 22, 2003.  The clerk’s record contains written plea admonishments signed by Appellant, his attorney, the State, and the trial judge on July 2.  The written admonishments include a statement that “I waive my right to have a court reporter make a record of these court proceedings.”  Directly below this statement are the signatures of Appellant and his attorney. 

The June 30 and July 2 portions of the hearing are included in the reporter’s record, but the August 22 portion is not.  The reporter’s record for July 2 concludes with the trial judge stating, after both the State and Appellant had closed, that he was not going to proceed further at that time.  The clerk’s record reflects that the hearing resumed on August 22, and that Appellant was sentenced at that hearing.  The written judgment included in the clerk’s record sets forth the grounds for revoking Appellant’s community supervision, and reflects that his guilt was adjudicated and that he was sentenced to two years’ confinement.  The written judgment also contains the statement, “IT IS THEREFORE CONSIDERED AND ORDERED by the Court, in the presence of said Defendant, that the said judgment be, and the same is hereby in all things approved and confirmed . . . .”  The written judgment recites that the sentence was to commence on the same date of August 22, 2003. 

LACK OF REPORTER’S RECORD

Appellant’s sole argument on appeal is that the absence of the reporter’s record of the sentencing hearing is reversible error.  Appellant contends that the error is harmful because the reporter’s record is the means to determine whether the trial court pronounced sentence in his presence and whether the sentence in the written judgment comports with the sentence pronounced in court.  Although Appellant does not contend on appeal that there was no oral pronouncement of sentence or that he was not present when the sentence was pronounced, he does argue that the record is silent on whether he was present for sentencing.  Appellant further argues that the lack of a record of the sentencing hearing prevents him from properly presenting his case on appeal. Sentence must be pronounced in the defendant’s presence in every felony and misdemeanor case, except where the maximum possible punishment is by fine only.  
Tex. Code Crim. Proc. Ann.
 art. 42.03(1)(a) (Vernon Supp. 2004-05); 
Millman v. State
, 487 S.W.2d 750, 752 (Tex. Crim. App. 1972).  The sentence is a necessary component of the judgment that orders the punishment be carried into execution in the manner prescribed by law, and it is the pronouncement of sentence that is the appealable event; the written sentence simply memorializes it.  
Tex. Code Crim. Proc. Ann.
 art. 42.02; 
Coffey v. State
, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).  A written judgment is not valid if there was no pronouncement of sentence, and without a valid, written judgment, there is no conviction for Appellant to appeal.  
Thompson v. State
, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

Recitations in the judgment, such as the one stating that sentence was pronounced on August 22, 2003, create a binding presumption of regularity in the absence of direct proof of their falsity.  
Johnson v. State
, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002); 
Breazeale v. State
, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh’g).  No portion of the appellate record nor any evidence provided by Appellant demonstrates that the trial court failed to orally pronounce sentence on August 22, 2003 or that Appellant was not present when the sentence was orally pronounced.  To the contrary, the record reflects that on August 22 Appellant and his attorney executed written documents necessary to his appeal, including the trial court’s certification of Appellant’s right to appeal, which is also signed by the trial judge.  Thus, Appellant has presented no evidence to rebut the presumption of regularity in the trial court’s judgment.

Regarding Appellant’s complaint about the lack of a reporter’s record, the State contends that the record shows that Appellant and the State waived the making of a reporter’s record.  However, Appellant alleges in his brief that the record does not indicate an agreement to excuse the court reporter. 

The rules of appellate procedure require that the official court reporter must “unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings.”  
Tex. R. App. P.
 13.1(a).  In the present case, Appellant did file a motion requesting a court reporter to record all proceedings.  Nevertheless, we find that the record does demonstrate that at the adjudication hearing, Appellant expressly waived his right to have a court reporter present.  The clerk’s record contains written plea admonishments signed by Appellant, his attorney, the State, and the trial judge, and includes a waiver of Appellant’s right to a court reporter.

Appellant’s brief overlooks the waiver contained within these admonishments and he does not argue that it is ineffective.  Even though the waiver is contained in boiler-plate language, there is nothing in the record to rebut the presumption that this waiver is valid.  
See Alzarka v. State
, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002) (finding that record directly contradicted and rebutted any presumption raised by terms of boiler-plate waiver of right to appeal contained in plea papers).  We conclude that Appellant affirmatively waived his right to the presence of a court reporter; therefore, he cannot now complain on appeal about the lack of a reporter’s record.  
Tex. R. App. P.
 13.1, 33.1(a).

CONCLUSION

Having concluded that Appellant waived his right to the making of a record, we overrule Appellant’s sole issue.  Thus, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 10, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.