

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00413-CR

_____

JOSHUA FLORES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. F21-1438-462

---

Before Sudderth, C.J.; Womack, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Joshua Flores appeals his conviction for aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a). In his briefing, Flores contends that (1) this appeal should be abated because the record does not reflect that the trial court pronounced his sentence in his presence, (2) the trial court abused its discretion by refusing to admit the video of Flores's police interview after the State purportedly "opened the door" to its admission, (3) the jury charge on punishment was erroneous because it permitted the jury to return a "special and separate verdict" of life in prison as opposed to a term of years, and (4) the judgment and bill of costs should be modified to correct certain errors. Because we overrule Flores's first three issues and because we agree that the judgment and bill of costs contain nonreversible errors that are within our authority to correct, we modify the judgment and the bill of costs and affirm the judgment as modified.

## II. BACKGROUND

Flores dated Mother[1] from 2010 to 2016. During the relationship, Flores lived off and on with Mother and her two children: Jane (the victim) and Brother.

---

[1]Because the victim was a minor at the time of the offense, we refer to her by an alias and refer to her family members by their relationships to her. *See* Tex. R. App. P. 9.10(a)(3).

From 2015 to 2016—when Jane was approximately nine or ten years old—Flores, Mother, Jane, and Brother lived together in a house on Lattimore Street in Denton. While they lived at the Lattimore house, Flores would stay home to supervise Jane and Brother throughout the summer months because Mother worked during the day. Jane testified that Flores sexually assaulted her multiple times at the Lattimore house during the summer between her fourth- and fifth-grade years. Mother, Jane, and Brother moved out of the Lattimore house not long afterward because Mother and Flores broke up, and Jane never again lived with Flores.

In November 2019, Jane made an outcry of abuse to Mother, who called the police. The police began an investigation and arranged for Jane to undergo two forensic interviews and a sexual-assault-nurse examination.

Ultimately, Flores was arrested and indicted for continuous sexual abuse of a young child. *See* Tex. Penal Code Ann. § 21.02(b). He pleaded not guilty, and a jury trial was held. After hearing all the evidence, the jury found Flores guilty of the lesser-included offense of aggravated sexual assault of a child, *see id.* § 22.021(a), and, following additional punishment testimony, assessed his punishment at life in prison. The trial court sentenced him accordingly. This appeal followed.

### III. DISCUSSION

#### A. Flores's Presence During Sentencing

In his first issue, Flores contends that because the record does not show that the trial court pronounced his sentence in his presence, we must abate this appeal and

3

remand the case to the trial court to allow it to correct the error. *See, e.g.*, *Meachum v. State*, 273 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, order) (abating appeal and remanding case because appellant had been sentenced in absentia). But the record does not support Flores's contention.

Flores is correct that the trial court was required to pronounce his sentence in his presence. The sentence—which orders that the punishment be carried into execution in the manner prescribed by law—is a necessary component of the judgment. *See* Tex. Code Crim. Proc. Ann. art. 42.02; *Ex parte Kopecky*, 821 S.W.2d 957, 960 (Tex. Crim. App. 1992). The sentence must be pronounced in the defendant's presence in every criminal case, except where the maximum possible punishment is by fine only. Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a); *Millman v. State*, 487 S.W.2d 750, 752 (Tex. Crim. App. 1972). It is the pronouncement of sentence that is the appealable event; the written sentence simply memorializes it. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Accordingly, a written judgment is not valid if there was no pronouncement of sentence, and without a valid, written judgment, there is no conviction to appeal. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

But Flores is incorrect in his contention that the record's lack of conclusive proof that his sentence was orally pronounced in his presence requires the abatement of this appeal. Although the Texas Code of Criminal Procedure mandates that a defendant's sentence be pronounced in his presence, it does not require sentencing to

4

be recorded. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a); Tex. R. App. P. 13.1(a); *Clough v. State*, No. 2-03-344-CR, 2005 WL 327164, at \*2 (Tex. App.—Fort Worth Feb. 10, 2005, no pet.) (per curiam) (mem. op., not designated for publication); *see also Morales v. State*, No. 02-24-00065-CR, 2025 WL 938122, at \*1–2 (Tex. App.—Fort Worth Mar. 27, 2025, pet. ref'd) (holding that Rule 13.1 of the Texas Rules of Appellate Procedure does not violate the Fourteenth Amendment's due-process clause by allowing a defendant to waive his right to have a court reporter attend and make a record of a punishment hearing in a felony case). In the present case, the reporter's record clearly reflects that both parties agreed to have sentencing conducted off the record, and Flores does not question this agreement on appeal. *See* Tex. R. App. P. 13.1(a).

According to Flores, because the sentencing was not recorded, the record does not conclusively show that the trial court pronounced his sentence in his presence; thus, abatement and remand are required. But this argument ignores the fundamental maxim that appellate courts indulge every presumption in favor of the regularity of the trial court's proceedings. *See Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000). It is the appellant's burden to overcome this presumption of regularity. *See Breazeale v. State*, 683 S.W.2d 446, 451 (Tex. Crim. App. 1985) (op. on reh'g); *Christian v. State*, 865 S.W.2d 198, 202 (Tex. App.—Dallas 1993, pet. ref'd). Here,

5

there is nothing in the record to suggest that Flores was not present at sentencing.[2] To the contrary, the record reflects that he was in the courtroom on October 25, 2024, when the jury's punishment verdict was read; that sentencing took place "off the record by agreement"; and that he signed the judgment indicating that "[he was] the defendant who received this judgment and sentence on [October 25, 2024]." Because the record does not contain direct proof that Flores was absent during sentencing—and actually contains evidence strongly suggesting that he was present— Flores cannot rebut the presumption of regularity. *See Clough*, 2005 WL 327164, at *2; *Jones v. State*, No. 05-02-01204-CR, 2003 WL 21468772, at *1 (Tex. App.—Dallas June 26, 2003, no pet.) (not designated for publication).

Accordingly, we overrule Flores's first issue.

## B. Exclusion of Evidence

In his second issue, Flores contends that the trial court abused its discretion by excluding the video recording of his police interview after the State purportedly opened the door to its admission. We disagree.

---

[2]In his briefing, Flores makes much of the fact that the reporter's record reflects that he "was sent to holdover after the jury's verdict was received and read" and does not reflect his "later presence in the courtroom." But this is not surprising given that the parties agreed to have sentencing conducted off the record. Because the case never went back on the record after Flores was sent to a holdover cell, one would not expect the reporter's record to include a parenthetical noting that he had been returned to the courtroom. Under the circumstances, the absence of such a notation does not support an inference that Flores was never returned to the courtroom for sentencing—and certainly does not overcome the presumption of regularity.

## 1.  Relevant Background

After Flores was arrested, he was interviewed by a police detective.  During the State's direct examination of the detective, the following exchange occurred:

> [State:]  Okay.  And on March 24th of 2021, did you at least get to finally sit down face-to-face and talk to Joshua Flores?
>
> [Detective:]  That is correct.
>
> [State:]  Without going into what was said, because that's hearsay, was the gist of it that it was just a self-serving denial?
>
> [Detective:]  That's correct.

This was the only time that the detective discussed the interview during direct examination; the State did not elicit any testimony regarding statements made during the interview.

During cross-examination, Flores sought to have the video recording of his police interview admitted into evidence under Article 38.22 of the Texas Code of Criminal Procedure, Texas Rule of Evidence 803(5), and the "rule of optional completeness."  The State objected on hearsay grounds and argued that Article 38.22 was inapplicable.  The trial court sustained the State's hearsay objection and excluded the video recording.

## 2.  Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard.  *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (op. on reh'g).  We

will not reverse a trial court's decision to admit or exclude evidence unless the record shows a clear abuse of discretion. *Zuliani*, 97 S.W.3d at 595. An abuse of discretion occurs only when the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.* If the trial court's evidentiary ruling is correct on any applicable theory of law, we will not disturb it even if the trial court gave the wrong reason for its correct ruling. *De la Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Qualls v. State*, 547 S.W.3d 663, 675 (Tex. App.—Fort Worth 2018, pet. ref'd).

### 3. Analysis

Flores argues that the trial court abused its discretion by sustaining the State's objection to the video recording of his police interview. But as out-of-court statements offered for their truth, the statements made by Flores during the recorded police interview are hearsay, which is generally inadmissible.[3] *See* Tex. R. Evid. 801(d),

---

[3]Under Evidence Rule 801(e)(2), an opposing party's statement is not hearsay. Tex. R. Evid. 801(e)(2). Thus, under the present scenario in which the video was offered by the defendant, the police detective's video-recorded statements would not constitute hearsay. *See Rodela v. State*, 829 S.W.2d 845, 849 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). Obversely, Flores's video-recorded statements would have been admissible if offered by the State. *See* Tex. R. Evid. 802(e)(2); *Sargent v. State*, No. 03-01-00238-CR, 2002 WL 533655, at *3 (Tex. App.—Austin Apr. 11, 2002, pet. ref'd) (not designated for publication) (noting that appellant's statements from video-recorded noncustodial police interview offered by the State were admissions by a party opponent); *see also* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a) (providing that an accused's oral custodial statement is not admissible against him in a criminal proceeding unless, inter alia, "an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement").

8

802. And none of the hearsay exceptions upon which Flores relied in arguing for the interview recording's admission are applicable.

At trial, Flores first sought to have the interview recording admitted under Article 38.22 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 38.22. But this statute sets forth the conditions upon which an accused's custodial statement may be used *against* him in a criminal proceeding; it does not provide a mechanism by which an accused may offer his own prior recorded statements into evidence. *See id.* art. 38.22, § 3(a) (providing that "[n]o oral . . . statement of an accused made as a result of custodial interrogation shall be admissible *against the accused* in a criminal proceeding unless" certain conditions are met (emphasis added)); *see also id.* art. 38.21 ("A statement of an accused may be used in evidence *against him* if it appears that the same was freely and voluntarily made without compulsion or persuasion, under the rules hereafter prescribed." (emphasis added)).

Flores next argued that the interview recording fell within the Rule 803(5) exception to the hearsay rule. *See* Tex. R. Evid. 803(5). Under this rule, a record that (1) concerns "a matter the witness once knew about but now cannot recall well enough to testify fully and accurately," (2) "was made or adopted by the witness when the matter was fresh in the witness's memory," and (3) "accurately reflects the witness's knowledge" is not excluded by the rule against hearsay. *See id.* But even if

9

these conditions were satisfied,[4] a record "may be received as an exhibit" under this exception "only if offered *by an adverse party*." *Id.* (emphasis added). Thus, Flores could not use this exception to offer his own recorded statements into evidence.

Finally, Flores argued that the interview recording should be admitted under the rule of optional completeness. Under this rule,

> [i]f a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject. An adverse party may also introduce any other act, declaration, conversation, writing, or recorded statement that is necessary to explain or allow the trier of fact to fully understand the part offered by the opponent.

Tex. R. Evid. 107. But the State never introduced any part of the interview recording into evidence. Thus, the rule of optional completeness is inapplicable. *See Rios v. State*, 230 S.W.3d 252, 257 (Tex. App.—Waco 2007, pet. ref'd); *see also McKenzie v. State*, No. 03-19-00583-CR, 2021 WL 1011051, at *4 (Tex. App.—Austin Mar. 17, 2021, no pet.) (mem. op., not designated for publication) (holding that trial court did not err by refusing defendant's request to admit video recording of witness's police interview under the rule of optional completeness because "the State did not offer into evidence any portion of the recorded interview and did not specifically reference any portion of [the] interview in its questions"); *Araiza v. State*, 929 S.W.2d 552, 555–56 (Tex. App.—San Antonio 1996, pet. ref'd) (holding that trial court did not err by

---

[4]Because the police detective never indicated that he could no longer recall the interview well enough to testify fully and accurately about it, the exception's first condition does not appear to have been satisfied. *See* Tex. R. Evid. 803(5).

concluding that rule of optional completeness did not apply to witness statement because although the witness had been asked whether he had been told to say certain things in his statement, "at no point was a portion of the statement . . . read to the jury").

Because all of the hearsay exceptions relied upon by Flores are inapplicable, we cannot conclude that the trial court abused its discretion by excluding the interview recording.

Accordingly, we overrule Flores's second issue.

## C. Jury Charge on Punishment

In his third issue, Flores contends that the jury charge on punishment was erroneous because it permitted the jury to return a "special and separate verdict" of life in prison as opposed to a term of years. We disagree.

### 1. Standard of Review

We must review "all alleged jury-charge error . . . regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). "Preservation of charge error does not become an issue until we assess harm." *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). "The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection." *Id.* If the appellant preserved the charge error with a timely objection, then it is reversible if it caused "some harm." *Gonzalez v. State*, 610 S.W.3d 22, 27 (Tex. Crim. App. 2020). Conversely, if the appellant "fail[ed] to object or state[d] that he ha[d] no objection to

11

the charge, we will not reverse for jury-charge error unless the record shows 'egregious harm.'" *Ngo*, 175 S.W.3d at 743–44. "Thus, we review alleged charge error by considering two questions: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error to compel reversal." *Id.* at 744.

### 2. Analysis

As noted, Flores contends that the jury charge was erroneous because it permitted the jury to return "a special and separate verdict" of life in prison as opposed to a term of years. Essentially, he complains about the way that the verdict form was organized.[5] The verdict form contained two alternative paragraphs for the jury to choose from: one paragraph assessing Flores's punishment at imprisonment "for LIFE" and another paragraph assessing his punishment at imprisonment "for ____ years" and instructing the jury to "write in any term of not more than ninety-nine (99) years or less than five (5) years." According to Flores, the verdict form should have instead contained a single paragraph giving the jury the option to assess

---

[5]Flores frames his third issue as a complaint that the verdict form violated the statutory requirement that the verdict in every noncapital criminal case must be general, not specific. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a). But by separating the punishment options of imprisonment for life and imprisonment for a term of years into two separate paragraphs, the trial court did not ask the jury to decide a specific fact issue or to determine whether any particular allegations were "true" or "untrue." *See id.* (discussing special pleas). Rather, the jury's decision between the assessment of a life sentence or a sentence for a term of years was a normative process that was not intrinsically fact-bound. *See Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Accordingly, any contention that the verdict form violated the statutory proscription against special verdicts in noncapital criminal cases is unfounded.

his punishment at imprisonment for life or a term of years within the applicable statutory range.

But Flores cites no authority requiring the verdict form to be organized into a single paragraph, nor are we aware of any such authority. And when faced with a comparable complaint, our sister court in Dallas concluded that a verdict form similarly separated into two sections—one for a term of life and one for a term of years—was not erroneous. *See Estelle v. State*, No. 05-11-00353-CR, 2013 WL 222268, at *4 (Tex. App.—Dallas Jan. 16, 2013, no pet.) (mem. op., not designated for publication). In *Estelle*, the court of appeals rejected the appellant's argument that the trial court had commented on the weight of the evidence and had conveyed its opinion about the appropriate sentence by placing the life-imprisonment option first because the trial court had properly instructed the jury that it must decide whether to sentence the appellant to a term between fifteen and ninety-nine years or life in prison and because there was nothing in the record indicating that the jurors had failed to follow the trial court's instructions or to consider the full range of punishment. *Id.*

Here, as in *Estelle*, the jury was specifically instructed that it was to decide between confinement for life or confinement for a term of years within the applicable statutory range. Because there is no evidence to the contrary, we must presume that the jury followed these instructions and considered the full range of punishment. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009); *Estelle*, 2013 WL 222268, at *4. Accordingly, we reject Flores's contention that the trial court erred by

13

organizing the punishment verdict form into two separate paragraphs instead of one single paragraph.

We overrule Flores's third issue.

## D. Nonreversible Errors

In his fourth and fifth issues, Flores contends that the trial court's judgment and the bill of costs should be modified to correct multiple errors. The State concedes many of the complained-of errors. As detailed below, we agree that the judgment and bill of costs contain a number of errors and will modify them as appropriate. *See* Tex. R. App. P. 43.2(b); *Jackson v. State*, 288 S.W.3d 60, 64 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) ("An appellate court has the power to correct and reform a trial court judgment . . . when it has the necessary data and information to do so."); *see also Pruitt v. State*, 646 S.W.3d 879, 883 (Tex. App.—Amarillo 2022, no pet.) (holding that a court of appeals has authority "to modify a bill of costs independent of finding an error in the trial court's judgment").

### 1. The Judgment Contains Two Errors That Need to Be Corrected

Flores points out that the judgment misstates the offense for which he was convicted and mistakenly reflects that he pleaded guilty. The State concedes that the judgment is erroneous in these respects, and we agree.

As noted, Flores was indicted for continuous sexual abuse of a young child but was convicted of the lesser-included offense of aggravated sexual assault of a child. Although the judgment correctly states that he was convicted of the lesser-included

aggravated-sexual-assault-of-a-child offense, it incorrectly lists the continuous-sexual-abuse-of-a-young-child statute as the statute for his offense. Accordingly, we will modify the judgment to reflect that Flores was convicted of an offense under Penal Code Section 22.021, not Section 21.02. *See* Tex. Penal Code Ann. §§ 21.02, 22.021.

Further, as noted, Flores pleaded not guilty to the charged offense. Because the judgment incorrectly states that he pleaded guilty, we will modify it to reflect Flores's actual plea.

### 2. The Offense Date and the Victim's Age Do Not Require Modification

Flores asserts that the judgment incorrectly lists the date of his offense as February 5, 2017, and the victim's age at the time of the offense as eleven years old. But as the State points out, these aspects of the judgment are consistent with the jury's verdict.

The indictment alleged that Flores's offense occurred "from on or about the 5th day of February, 2015, through on or about the 5th day of February, 2017."[6]

---

[6]The indictment's "on or about" language allowed the State to prove a date other than the one alleged as long as the date proven was anterior to the presentment of the indictment and within the applicable statutory limitations period. *See Sanchez v. State*, 400 S.W.3d 595, 600 (Tex. Crim. App. 2013); *Martinez v. State*, No. 11-17-00277-CR, 2019 WL 5617638, at *2–3 (Tex. App.—Eastland Oct. 24, 2019, no pet.) (mem. op., not designated for publication). Although Jane testified that the offense occurred over the course of a summer when she was between nine and ten years old, she did not provide an exact date that the sexual assault occurred. Based on the record, it is unclear exactly when the offense took place or how old Jane was at the time. However, it is clear that the sexual assault occurred before the presentment of the indictment and within the applicable statutory limitations period (if any). *See Sanchez,*

15

Consistent with the indictment, the jury charge instructed the jury to find Flores guilty of the lesser-included offense of aggravated sexual assault of a child if it found beyond a reasonable doubt that "on or about the 5th day of February, 2017," Flores intentionally or knowingly caused Jane's sexual organ to contact his sexual organ. Because the jury found Flores guilty of committing aggravated sexual assault on or about February 5, 2017, and because Jane was eleven years old on that date, those portions of the judgment do not need to be modified.

### 3. The Bill of Costs Contains Multiple Errors

In his fourth and fifth issues, Flores points to a number of errors in the bill of costs, many of which are conceded by the State.[7] We address each of these purported errors in turn below.

#### a. Flores's Court Costs Are Not Yet Due

The trial court ordered Flores to pay court costs, and the district clerk issued a bill of costs, thereby making the costs immediately due and payable. *See* Tex. Code Crim. Proc. Ann. art. 103.001(b) (providing that, in district court, "a cost is not payable by the person charged with the cost until a written bill containing the items of cost is: (1) produced; (2) [properly] signed . . . ; and (3) provided to the person charged

---

400 S.W.3d at 600; *see also* Tex. Code Crim. Proc. Ann. art. 12.01(1)(B) (providing that there is no limitations period for aggravated sexual assault of a child).

[7]Flores's fourth issue focuses on the judgment, and his fifth issue focuses on the bill of costs. But as the State points out, a number of the purported judgment errors that Flores identifies in his fourth issue are actually errors in the bill of costs.

16

with the cost"); *Allen v. State*, 426 S.W.3d 253, 256–57 (Tex. App.—Texarkana 2013, no pet.) ("[A] certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." (quoting *Owen v. State,* 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.))).

But in the judgment, the trial court selected the following provision regarding the payment of court costs (Delayed Payment Option):

> **Punishment Options:**
> [X] **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court **ORDERS** Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. *Upon release from confinement, the Court **ORDERS** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.* [Emphasis added.]

Article 42.15(a-1) of the Texas Code of Criminal Procedure provides that if, in imposing a felony sentence, the trial court determines that "the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether" they should be fully or partially waived, discharged by community service, "required to be paid at some later date or in a specified portion at designated intervals," or discharged by any combination of these three choices. Tex. Code Crim. Proc. Ann. art. 42.15(a-1); *see also id.* art. 42.15(b)(2)

17

(providing that the court may allow the defendant "to pay the entire fine and costs at some later date"). And a majority of Texas intermediate appellate courts, including this one, have held that a trial court's assessment of costs, fees, or both in a judgment together with its selection of the Delayed Payment Option indicates that the trial court implicitly determined that the defendant was not, at the time of the sentence's imposition, immediately able to pay the judgment's assessed costs and fees. *Ramirez v. State*, No. 02-24-00224-CR, 2025 WL 1350046, at *2 (Tex. App.—Fort Worth May 8, 2025, no pet.) (mem. op., not designated for publication) (collecting cases).

Because the trial court selected the Delayed Payment Option, Flores is not obligated to pay the assessed costs and fees until he is released from incarceration. *See id.* Accordingly, we modify the bill of costs to include a statement that—in accordance with the trial court's judgment—the assessed costs and fees are not due until Flores is released from confinement.[8] *See Pippin v. State*, No. 02-24-00444-CR, 2025 WL 2088330, at *3 (Tex. App.—Fort Worth July 24, 2025, no pet.) (mem. op., not designated for publication); *Ramirez*, 2025 WL 1350046, at *3.

---

[8]Flores requested that we remove all items from the bill of costs, but this is not the appropriate remedy. *See Ray v. State*, No. 05-24-00455-CR, 2025 WL 1725788, at *2 (Tex. App.—Dallas June 20, 2025, pet. filed) (mem. op., not designated for publication). Rather, when the bill of costs conflicts with the judgment's requirement that costs are not due until release from confinement, the appropriate remedy is to modify the bill of costs to include a statement showing that court costs are not due until the appellant is released from confinement. *Id.* (collecting cases); *see, e.g.*, *Ramirez*, 2025 WL 1350046, at *3 (modifying bill of costs to include statement that assessed costs and fees are not due until defendant is released from confinement).

18

### b. The "Clerk's Record Cost for Appeal" Should Be Deleted

The bill of costs includes a $252 charge for the "Clerk's Record Cost for Appeal." But the trial court granted Flores's motion to have the appellate record furnished without charge. *See* Tex. R. App. P. 20.2. Therefore, we modify the bill of costs to delete this $252 charge.

### c. The "Child Abuse Prevention Fine" Should Be Removed

Flores asserts that the $100 "Child Abuse Prevention Fine" should be deleted from the bill of costs because it was not orally pronounced. The State concedes the error, and we agree.

The $100 child-abuse-prevention fee is authorized by Article 102.0186 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 102.0186. Although this statutorily authorized fee was previously classified as a court cost, under the current version of Article 102.0186—which applies in this case, *see Bradshaw v. State*, 707 S.W.3d 412, 418 (Tex. Crim. App. 2024)—it is classified as a fine. *See Rhodes v. State*, 712 S.W.3d 226, 234 (Tex. App.—Eastland 2025, no pet.).

A fine is part of a defendant's sentence and must be orally pronounced. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). As noted, there is no record of the oral pronouncement of Flores's sentence. However, the written judgment—which constitutes "the written declaration and embodiment of that oral pronouncement," *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002)—does not reflect the assessment of a child-abuse-prevention fine. Therefore, we agree

19

with Flores and the State that the $100 child-abuse-prevention fine should be deleted, and we modify the bill of costs accordingly.

### d. We Decline to Modify the "Subpoena Service Fee"

In his briefing, Flores states that "[t]he fourth error in the bill [of costs] is that every improperly assessed subpoena reimbursement fee that was included in the judgment is also itemized in the bill of costs," and he asserts that the $35 "Subpoena Service Fee" reflected in the bill of costs should be reduced to $20. But Flores never complained about any improperly assessed subpoena reimbursement fees in the judgment, and he fails to explain why he believes that the Subpoena Service Fee should be reduced by $15. Accordingly, Flores has forfeited any complaint about the Subpoena Service Fee due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (holding that appellant's point of error was "inadequately briefed and presents nothing for review as this Court is under no obligation to make appellant's arguments for her"); *Jessop v. State*, 368 S.W.3d 653, 681, 685 (Tex. App.—Austin 2012, no pet.) (holding that because appellant failed to proffer any argument or authority with respect to his claims, he waived any error due to inadequate briefing).

### e. The Time Payment Fee Was Prematurely Assessed

Flores contends that the time-payment fee reflected in the bill of costs was prematurely assessed and should be removed. The State concedes the error, and we agree.

20

The Texas Code of Criminal Procedure requires a person convicted of an offense to pay a $15 reimbursement fee if the person fails to pay any part of a fine, court costs, or restitution within thirty days after the entry of a judgment ordering such payment. Tex. Code Crim. Proc. Ann. art. 102.030. However, a pending appeal suspends a convicted person's duty to pay fines, court costs, and restitution because the duty to pay is triggered only by a final judgment. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Thus, the pendency of an appeal "stops the clock" for purposes of the time-payment fee. *Id.* Accordingly, if a trial court assesses a time-payment fee before the issuance of the appellate mandate, such assessment is premature. *Id.*; *Pruitt*, 646 S.W.3d at 886.

Considering the authorities cited above, we agree with Flores (and the State) that the time-payment fee was prematurely assessed. *See* Tex. Code Crim. Proc. Ann. art. 102.030; *Dulin*, 620 S.W.3d at 133; *Pruitt*, 646 S.W.3d at 886. Accordingly, we modify the bill of costs to delete the time-payment fee. *See Jones v. State*, 691 S.W.3d 671, 679 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd); *Pruitt*, 646 S.W.3d at 883. Our ruling is without prejudice to future assessment of the time-payment fee if, more than thirty days after Flores is released from confinement, he fails to completely pay any fine, court costs, or restitution that he owes. *See Dulin*, 620 S.W.3d at 133; *Cornelio v. State*, No. 12-24-00279-CR, 2025 WL 657302, at *2 (Tex. App.—Tyler Feb. 28, 2025, no pet.) (mem. op., not designated for publication).

### f. Summary of Modifications to Bill of Costs Charges

For the reasons discussed above, we modify the bill of costs to reflect the following charges:

| Fees | Original Amount | New Amount |
|---|---|---|
| Child Abuse Prevention Fee | $100 | $0 |
| Clerk's Record Cost for Appeal | $252 | $0 |
| Local Consolidated Court Cost | $105 | $105 |
| Peace Officer: Take & Approve Bond | $10 | $10 |
| Sheriff (Commitment or Release) | $5 | $5 |
| State Consolidated Court Costs – Felony | $185 | $185 |
| Subpoena Service Fee | $35 | $35 |
| Time Payment Fee (Conviction Only) | $15 | $0 |
| **TOTAL** | **$707** | **$340** |

### IV. CONCLUSION

Having overruled Flores's first three issues and having partially sustained his fourth and fifth issues, we modify the judgment to reflect (1) that Flores was convicted of an offense under Penal Code Section 22.021, not Section 21.02, and (2) that he pleaded not guilty. We also modify the bill of costs (1) to reflect the charges set forth in the "New Amount" column in the table above and (2) to include a statement that the assessed costs and fees are not payable by Flores until his release from confinement, in accordance with the language in the trial court's judgment. Subject to these modifications, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 30, 2025

23